UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAYSHA ORANGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-579-SLP |
| ) | |
| MILLENNIUM FINANCIAL GROUP, LLC, ) | |
| ENHANCED RECOVERY COMPANY, LLC, ) | |
| AMERICAN COLLECTION SERVICES, INC, ) | |
| d/b/a AMERICAN MANAGEMENT ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Saysha Orange an individual consumer, against Defendants Millennium Financial Group, LLC, Enhanced Recovery Company, LLC, American Collection Services, Inc, D/B/A American Management Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

4. Plaintiff Saysha Orange (hereinafter "Ms. Orange") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma.

5. Ms. Orange is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

6. Upon information and belief, Defendant Millennium Financial Group LLC., is an Oklahoma corporation with its principal place of business located at 3000 United Founders Blvd. Ste. 248, Oklahoma City, Oklahoma 73112.

7. Defendant Millennium Financial Group LLC is engaged in the collection of debt from consumers using the mail and telephone.

8. Defendant Millennium Financial Group LLC regularly attempts to collect consumers' debts alleged to be due to others.

9. Defendant Millennium Financial Group LLC (hereinafter referred to as "MFG") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Upon information and belief, Defendant Enhanced Recovery Company LLC., is a Florida corporation with its principal place of business located at 8014 Bayberry Rd. Jacksonville, Florida 32256.

11. Defendant Enhanced Recovery Company LLC. is engaged in the collection of debt from consumers using the mail and telephone.

12. Defendant Enhanced Recovery Company LLC. regularly attempts to collect consumers' debts alleged to be due to others.

13. Defendant Enhanced Recovery Company LLC. (hereinafter referred to as "ERC") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Upon information and belief, Defendant American Collection Services, Inc. is an Oklahoma corporation with its principal place of business located at 3100 SW 59th Street Ste. A, Oklahoma City, OK 73119.

15. Defendant American Collection Services, Inc. is engaged in the collection of debt from consumers using the mail and telephone.

16. Defendant American Collection Services, Inc. regularly attempts to collect consumers' debts alleged to be due to others.

17. Defendant American Collection Services, Inc. (hereinafter referred to as "ACS") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS OF THE COMPLAINT

18. On or about August 2, 2021, Ms. Orange reviewed her credit report on "credit karma."

19. On the report, Ms. Orange observed trade lines from each defendant.

20. MFG furnished a trade line of $128, allegedly owed to 10 Gym.

21. The obligation furnished by MFG is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. ERC furnished a trade line of $300 allegedly owed to itself.

23. The obligation furnished by ERC is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. ACS furnished two trade lines of $465 and $8026, allegedly owed to Central Anesthesia Associate.

25. The obligation furnished by ACS is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. On or about August 2, 2021, Ms. Orange contacted each Debt Collector and placed the accuracy of the reported debts at issue.

27. On or about August 2, 2021, Ms. Orange called MFG and disputed the accuracy of the debt it reported on her consumer report.

28. On or about August 2, 2021, Ms. Orange called ERC and disputed the accuracy of the debt it reported on her consumer report.

29. On or about August 2, 2021, Ms. Orange called ACS and disputed the accuracy of the debt it reported on her consumer report.

30. On or about March 14, 2022, Ms. Orange reviewed her credit report and discovered that each Defendant declined to disclose her August 2, 2021, dispute on her credit report.

31. Despite being aware of Ms. Orange's disputes, each Defendant failed to disclose Ms. Orange's disputes to the consumer reporting agencies.

32. Defendants systematically fail to accurately report or acknowledge consumer's disputes.

33. As a result of the actions and inactions of Defendants, Ms. Orange suffered damages, including but not limited to, non-pecuniary harm, damaged personal reputation, and damaged credit reputation.

## V. CLAIM FOR RELIEF
## 15 U.S.C. § 1692e

34. Ms. Orange re-alleges and reincorporates all previous paragraphs as if fully set out herein.

35. The Defendants violated the FDCPA.

36. The Defendants' violations include, but are not limited to, the following:

    The Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to the consumer reporting agencies credit information which was known or should have been known to be false. This includes the Defendants' failure to communicate that the aforementioned debts were in dispute by Ms. Orange.

37. As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Orange actual damages, statutory damages and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Orange respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the defendants for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

                Respectfully submitted:

                **JW Law Firm, PLLC**
                1590 Jonesboro Rd. SE #6839
                Atlanta, GA 30315
                Phone: (832) 422-6362
                jeff@jwcreditlawyers.com
                Attorney for Plaintiff

By: _____
JEFFREY A. WILSON